534 So.2d 32 (1988)
STATE of Louisiana
v.
Arthur F. DUMAINE.
No. 88-KA-0720.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1988.
Rehearing Denied December 14, 1988.
*33 Harry F. Connick, Dist. Atty., Sandra Pettle, Asst. Dist. Atty., New Orleans, for appellee.
James David McNeill, New Orleans, for defendant and appellant.
Before BYRNES, WILLIAMS and PLOTKIN, JJ.
WILLIAMS, Judge.
The defendant, Arthur Dumaine, was charged by bill of information with negligent discharge of a firearm, a violation of La.R.S. 14:94. Defendant was found guilty as charged and was sentenced to one year at hard labor. Defendant appeals.
Defendant is an attorney and notary. He maintained an office in his home at 4029 Old Hammond Highway.
On Sunday, May 3, 1987, two of defendant's friends and their children went to defendant's house to swim in his pool. Defendant drank beer throughout the afternoon.
At about 5:30 p.m., Troy Williams, a black male, knocked on defendant's door to have defendant notarize a document for him. Williams had never met defendant before but was referred to him by an acquaintance. When the defendant opened the door, he appeared to be intoxicated. Upon seeing Williams, Dumaine kissed him as if he knew him, Dumaine then asked Williams to help him put a cover over his car. Williams did so and the two men entered defendant's house. Once inside, the defendant began to talk about blacks, crime and Vietnam. He asked Williams if he had any brothers or sisters who were criminals. He then told Williams that he had something to stop crime. He reached behind a bookshelf and pulled out a revolver. He then went into his front yard with Williams and, without looking for oncoming traffic, he fired the gun across old Hammond Highway into a vacant lot. Although there were no people or cars in the vacant lot, there were people in the vicinity where the shots were fired.
Following the incident, Williams called the police and thirty to thirty five officers responded, including a SWAT team. Defendant *34 refused to leave his house for approximately one to one and one-half hours. Finally, police apprehended the defendant. A search of the house did not reveal the gun.
On appeal, defendant asserts several assignments of error. Defendant claims that the trial court erred in denying his motion to quash the bill of information because it fails to allege that the defendant's discharge of a firearm actually resulted in death or bodily harm.
The statute under which defendant was charged reads:
Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm....where it is foreseeable that it may result in death or great bodily harm to a human being. La.R.S. 14:94.
The language of the statute does not require that death or bodily injury actually occur but only that it be foreseeable that death or bodily injury occur. The bill of information makes that allegation. This argument, therefore, is without merit.
In the alternative, defendant claims that if La.Rev.Stat. 14:94 only requires that injury be foreseeable rather than actual then the statute violates the due process clause because it is unconstitutionally vague and overly broad.
A statute is "void for vagueness" when it does not give a person of ordinary intelligence fair notice of what conduct is forbidden. State v. Griffen, 495 So.2d 1306 (La. 1986). The issue, therefore, is whether a reasonable man could determine when it is foreseeable that the discharge of a weapon might result in death or bodily harm.
In examining the facts of this case, we find that the defendant, a lawyer and presumably a citizen of ordinary intelligence, would certainly be able to foresee the danger to human life inherent in shooting a gun in a well populated area, across a fairly busy highway. Further, we find that the defendant could foresee that his actions might cause bodily harm even if the shots were fired into a vacant lot. The constitutional challenge is without merit.
In his remaining assignments of error, defendant claims that there was insufficient evidence to support the conviction.
Defendant first claims that the court erroneously relied upon the uncorroborated testimony of the State's only witness to the offense in resolving defendant's guilt because the testimony was contradicted by six defense witnesses.
It is not the duty of this court to assess the credibility of the witnesses. At trial, Williams, the State's witness, was the only witness to the firing of the gun. The defense witnesses were defendant's neighbors and a family member who were not present when the gun was fired. The defense witnesses merely testified that they did not hear a gunshot. The State's witness did not know the defendant and had no apparent reason to lie. The judge obviously believed Williams' testimony and this court will not disturb the credibility determination.
The defendant also contends that insufficient evidence was presented to show that it was foreseeable that defendant's firing of the gun could result in death or bodily injury. The defendant lived in a well-populated urban area. Several neighbors were standing on the street close to his home. Children were playing in the vicinity. Without looking for oncoming traffic, defendant shot the gun from his front yard across a well travelled highway. As we have already stated, a reasonable person would conclude that injury was foreseeable. This assignment of error, therefore, is without merit.
Finally, the defense criticizes the judge for referring to a statement allegedly made by defendant to Williams and to defend ant's inebriated condition, claiming that, at least with reference to the alleged comments, the judge violated defendant's constitutional right to remain silent. Noting that this case was tried by the judge and not a jury, we find that the judge's comments on the testimony could not have prejudiced the trier of fact and, consequently, his comments on the evidence were harmless.
*35 For the foregoing reasons, the defendant's conviction and sentence is affirmed.
AFFIRMED.