WICKER, Judge.
Albert Mickel appeals his conviction for violating La.R.S. 14:94, illegal use of a weapon. The issues are sufficiency of the evidence and allegedly prejudicial statements by the prosecution witness. We affirm.
Robert A. Sanders, a resident of a residential neighborhood on Mary Poppins Drive in Harvey, Louisiana, was in his apartment and heard shots. When he opened the door, he saw Mickel run by with a gun. Mickel saw him, put his gun in Sanders’ face, and said to him, “I’ll shoot you, too.” Then Mickel ran a little further, and Sanders saw him shoot his gun twice more. There were children playing all over the neighborhood. Sanders called the police, and Mickel was arrested.
A jury tried Mickel on the illegal use of a weapon charge concurrently with his trial by a judge on the charge of aggravated assault, La.R.S. 14:37. The jury found him guilty of the weapons charge while the judge found him guilty of the aggravated assault charge. The judge sentenced him *405 to one year on the weapons charge and six months on the assault charge, to be served concurrently, with credit for time served. Mickel appeals only the weapons conviction. He claims (1) the evidence was insufficient to prove foreseeability and (2) the statement, “I’ll shoot you, too” was irrelevant to the weapons charge and its admission was prejudicial and reversible error.
The crime charged is “the intentional or criminally negligent discharging of any firearm ... where it is foreseeable that it may result in death or great bodily harm to a human being.” La.R.S. 14:94. The elements of the crime, then, are (1) intentional discharge of a firearm and (2) foreseeability of death or great bodily harm. The standard of review as to the sufficiency of proof to convict is whether, viewing the trial evidence in the light most favorable to the prosecution, any rational fact-finder could have concluded beyond a reasonable doubt that both elements of La. R.S. 14:94 had been proven. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
Sanders testified that he saw Mickel fire his automatic weapon twice in a residential neighborhood where children were playing outdoors. This evidence is sufficient to support Mickel’s conviction, and it is not important that Sanders was unable to see in precisely which direction Mickel aimed. State v. Dumaine, 534 So.2d 32 (La.App. 4th Cir.1988), remanded for resentencing 541 So.2d 880 (La.1989). Mickel’s alibi witnesses testified he was with them at the time of the shooting, and the jury apparently resolved the credibility issue in favor of the prosecution. We do not believe this first assignment of error has merit.
In opening statement the prosecutor mentioned that Sanders would testify that Mickel told him, “I’ll shoot you, too.” Mickel objected, and the judge admitted the statement as res gestae. Sanders repeated the statement three times during his testimony without objection from Mickel.
La. C.E. art. 404 B(l) permits the admission of evidence which “relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.” We believe this remark constitutes an integral part of the weapons charge and that it was admissible. State v. Cage, 444 So.2d 347 (La.App. 1st Cir.1983), writ denied 446 So.2d 1214 (La.1984). We do not believe this second assignment of error has merit.
We affirm the conviction of Albert Mick-el for violating La.R.S. 14:94 and his sentence therefor.
AFFIRMED.