| tPETERS, Judge.
The defendant, Joseph Powell, was charged by bill of information with discharging a firearm from a motor vehicle located upon a public highway with the intent to injure, harm, or frighten another human being in violation of La.R.S. 14:94(E). Following a trial by jury, he was found guilty of attempting to commit the crime charged. The defendant was originally sentenced to four years at hard labor, but after reconsideration of the sentence, the trial court reduced the defendant’s sentence to three years at hard labor. Defendant appeals asserting two assignments of error. The first addresses the sufficiency of the evidence, and the second addresses the excessiveness of the sentence.
When the issue of the sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 RU-S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). It is the fact finder’s role to weigh the respective credibilities of the witnesses, therefore, the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. Id. In State v. Mussall, 523 So.2d 1305, 1311 (La.1988), the Louisiana Supreme Court established the legal precepts to be used in a Jackson review. The court stated:
After reviewing Jackson and the foregoing authorities, we conclude that a reviewing court may not disregard its duty under due process of law as interpreted by Jackson v. Virginia simply because the record contains testimony which tends to support each fact necessary to constitute the crime. If the court finds that no rational trier of fact viewing all of the evidence from a rational pro-prosecution standpoint could have found guilt beyond a reasonable doubt, the conviction cannot stand constitutionally. The actual trier of fact’s rational credibility calls, evidence weighing and inference drawing are preserved through the requirement that upon judicial review all of the evidence is to be considered as if by a rational fact finder in the light most favorable to the prosecution, and by the admonition that the sufficiency inquiry does not require a court to ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt. Thus, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. As Professor Wright observes, the important points are that “the court is not to substitute its judgment of what the verdict should be for that of the jury, but that at the same time the jury cannot be permitted to speculate if the evidence is such that reasonable jurors must have a reasonable doubt.” 2 C. Wright [Federal Practice & Procedure, Criminal 2d], § 467, at 660-661 & n. 23.
(Footnotes omitted).
Although the defendant is charged with a violation of La.R.S. 14:94(E), an understanding of the elements of that crime requires an evaluation of La.R.S. 14:94(A) which reads in pertinent part as follows:
*610 A. Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where 13it is foreseeable that it may result in death or great bodily harm to a human being.
Thus, conviction under La.R.S. 14:94(A) requires that a defendant (1) intentionally or in a criminally negligent manner discharge a firearm, and (2) that he do so where it is foreseeable death or great bodily harm to a person might result.
La.R.S. 14:94(E) provides:
E. Whoever commits the crime of illegal use of weapons or dangerous instru-mentalities by discharging a firearm from a motor vehicle located upon a public street or highway, where the intent is to injure, harm, or frighten another human being, shall be imprisoned at hard labor for not less than five nor more than ten years without benefit of probation or suspension of sentence.
Thus, in order to convict under this section the state must also establish that the illegal discharge of the firearm (1) occurred from a vehicle located on a public street or highway, and (2) that the defendant intended to injure, harm, or frighten another person.
Obviously, since La.R.S. 14:94(E) requires an intent “to injure, harm, or frighten,” the criminally negligent provision of La. R.S. 14:94(A) is not applicable. Thus, conviction of the crime for which the defendant is charged requires that the state prove beyond a reasonable doubt that he
(1) intentionally discharged a firearm;
(2) from a vehicle located on a public road or highway;
(3) at a time and place where it was foreseeable that death or great bodily harm might occur to another person; and
(4) that the defendant had the intent to injure, harm, or frighten another person.
DISCUSSION OF RECORD
The facts giving rise to this criminal charge are not in dispute. On April 24,1993, Michael Edwards was visiting his brother-in-law, Darrell Pike, at Pike’s home | located immediately adjacent to Highway 71 between Morrow, Louisiana, and Lemoine, Louisiana, in St. Landry Parish. Pike’s home is located on the western side of Highway 71 which runs generally north and south. A railroad track runs parallel to the highway on the eastern side. Edwards was in the front yard of his brother-in-law’s house washing his vehicle when the defendant drove by and fired three to four shots from a .25 semi-automatic pistol. The shots were fired out the window of the defendant’s vehicle but in an opposite direction from Pike’s residence. At the time the pistol was discharged, Edwards, his mother, Pike, Pike’s wife, and Pike’s children were in and around the front yard of the residence.
Edwards was washing his car at the time and was not even aware a weapon had been discharged. He believed the noise to be a car backfiring. Pike informed the others that the sound was in fact gunshots. He and Edwards went across the street and found two spent cartridges. Edwards testified that both of the cartridges were found on the shoulder of the road on the side opposite the Pike residence. Pike testified that one of the spent cartridges was found in the opposite lane of the highway but on the traveled section of the highway.
The defendant admits discharging the pistol near the Pike residence, but contends he was shooting at a water moccasin he saw crossing the road. The defendant did not shoot at anyone, or in the direction of the Pike residence, or in the direction of anyone standing in front of the residence. In fact, at no time did anyone at the Pike residence believe that the defendant was shooting at them.
The criminal charges arose because of existing hard feelings between the people involved in the incident rather than because of the incident itself. The defendant was dating Edwards’ former wife. When Edwards made a statement to the 15sheriffs office concerning the event, he stated that he was pretty sure the defendant was aiming at him at the time the weapon was discharged. At trial, Edwards acknowledged that this statement was not true and that he made that *611 comment to “get back at” the defendant because the defendant was seeing his former wife.
ANALYSIS
There is no question but that the defendant intentionally discharged a firearm from a vehicle located on a public road or highway. However, there is no evidence for a rational trier of fact to conclude that this act occurred in such a manner that it was foreseeable that death or great bodily harm might occur to another person. The shots were fired in the direction away from the house and away from any person. Because we find that this element of the crime has not been established by proof beyond a reasonable doubt, we need not consider whether the defendant intended to injure, harm, or frighten another person.
DISPOSITION
The conviction is reversed.
REVERSED.