705 So.2d 1295 (1998)
STATE of Louisiana, Appellee,
v.
Michael Ray JOUBERT, Defendant-Appellant.
No. CR97-1093.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
*1296 Gary C, Tromblay, Houma, Earl Taylor, Dist. Atty., for State
Edward J. Lopez, Opelousas, for Michael Ray Joubert.
Before COOKS, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
Michael Ray Joubert, defendant, was charged with illegal use of weapons or dangerous instrumentalities by discharge of a firearm from a motor vehicle upon a public highway with the intent to injure, harm, or frighten another human being, violative of La.R.S. 14:94(E). A unanimous jury found defendant guilty as charged.
A "Joint Motion for a New Trial" was presented to the court, signed by defendant's trial counsel and a different assistant district attorney than the prosecutor at trial. The joint motion indicated that defendant and the State believed the ends of justice would be served best by a new trial. The trial court issued a per curiam denying the motion. Defendant was sentenced to five (5) years at hard labor without benefit of probation or suspension of sentence. Additionally, defendant was placed in an intensive supervision incarceration program.
Defendant now appeals, claiming a lack of sufficiency of the evidence and unconstitutional excessiveness of his sentence.

FACTS
Deputy Theme Ledee, while driving in his marked St. Landry Parish unit on I-49, noticed defendant's Mustang approaching from his rear at a high rate of speed. According to the deputy, the vehicle slowed once it neared his marked unit. Deputy Ledee noticed the driver, whom Ledee identified as defendant, did not look at the unit or signal anything was wrong.
Thereafter, a white van pulled alongside the deputy and motioned for the officer to pull to the shoulder. Lawrence Tally, Jr. informed the deputy that the driver of a green Mustang had just shot his van while traveling down the interstate. Deputy Ledee observed three (3) bullet holes in the van.
Just prior to Deputy Ledee speeding off to pursue the Mustang, Bart Stuart, a student at USL who apparently witnessed the events immediately surrounding the firing of the shots at the van, pulled off to the shoulder to tell the deputy what he saw.
According to defendant, the victim attempted to run defendant off the road several times and threw a coffee mug through his *1297 car window, grazing defendant's chin.[1] Defendant also stated the victim endangered others on the road, particularly an elderly woman. Thus, although never raised at any pretrial interviews, defendant's assertion at trial was justification based on self-defense and, impliedly, defense of others. Defendant also initially denied any knowledge of the event and later recanted, admitting he was involved in the shooting.
The victim and witnesses tell a different story, involving an angry motorist who could not pass several cars and simply lost control.

ERRORS PATENT
After reviewing the record, we find one error patent.
The trial court did not give the defendant credit toward service of his sentence for time he spent in actual custody prior to the imposition of the sentence. Accordingly, we amend the sentence to reflect that the defendant is given credit for time he served prior to the execution of the sentence. The case is remanded and the district court ordered to amend the commitment and minute entry of the sentence to reflect credit for time served in conformity with La.Code Crim.P. art. 880. See La.Code Crim.P. art. 882(A) and State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, writ denied, 94-1455 (La.3/30/95), 651 So.2d 858.

SUFFICIENCY OF EVIDENCE
Defendant contends the evidence used to convict him was insufficient to prove guilt of each element beyond a reasonable doubt. A violation of La.R.S. 14:94(E), illegal use of a weapon or dangerous instrumentality by discharge of a firearm from a motor vehicle upon a highway with the intent to injure, harm, or frighten another, requires proof beyond a reasonable doubt that the defendant:
(1) intentionally discharged a firearm;
(2) from a vehicle located on a public road or highway;
(3) at a time and place where it was foreseeable that death or great bodily harm might occur to another person; and
(4) that the defendant had the intent to injure, harm, or frighten another person.[2]
State v. Powell, 95-424 (La.App. 3 Cir. 11/2/95), 664 So.2d 608, 610.
The sufficiency of the evidence standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), was recently addressed by the Louisiana Supreme Court in State v. Maxie, 93-2158 (La.4/10/95), 653 So.2d 526. Maxie admonishes: "In order to confirm a conviction, an appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational fact finder to conclude that every element of the crime was proved beyond a reasonable doubt." Id. at 531.
Thus, giving the utmost favorable import to the prosecution's case, this court must find that the prosecution nonetheless failed to prove each element of its case beyond a reasonable doubt, the fact that a unanimous jury found otherwise notwithstanding. That burden, however, does not typically allow substitution by this court of its own judgment; rather, this court must determine that reasonable minds could not have found the evidence sufficient.
Defendant's insufficiency claim therefore hinges upon a credibility determination. As such, this court must resolve whether a rational fact finder could not have rationally believed the victim's account of the altercation rather than defendant's version.
In State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983), the court stated: "It is the role of the fact-finder to weigh the respective credibilities of the witnesses, *1298 and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the Jackson standard of review." The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Hongo, 625 So.2d 610 (La.App. 3 Cir.1993), writ denied, 93-2774 (La.1/13/94), 631 So.2d 1163.
The record in the case sub judice provides more than ample evidence to sustain the conviction. First, defendant admits that he intended to discharge the firearm, satisfying the first inquiry under Powell`s interpretation of La.R.S. 14:94(A) and (E). Second, the victim testified (and was apparently believed by the jury) that defendant pulled his carsubsequent to the shots firedaround victim's vehicle on the grassy median and flashed his weapon. This fact is indicative of an intent to frighten another.
State v. Etienne, 94-910 (La.App. 3 Cir. 2/1/95), 649 So.2d 1230, writ denied, 95-0544 (La.6/23/95), 656 So.2d 1012, governs offenses under 14:94(A). Etienne holds that general criminal intent or negligence is sufficient to convict under Subsection A. However, we note that Subsection E states that an offender must have the "intent" to "injure, harm, or frighten another human being." Arguably, this may require a showing of specific intent. But see La.R.S. 14:11.
In any event, we need not resolve that question. Specific intent may be inferred from the circumstances of a transaction or action of the accused. State v. Graham, 420 So.2d 1126, 1127 (La.1982). The facts outlined above provide sufficient evidence to infer specific intent.
The State is also required to prove that it is foreseeable that great bodily injury or death might result from the discharge of the weapon. It goes without saying that firing a large caliber (.357 magnum) handgun into the side of a van, three times, and while traveling at speeds around seventy (70) miles per hour is inherently and gravely dangerous. Equally obvious is the fact that I-49 is a public road; all witnesses (including defendant) testified the incident occurred while traveling thereon.
The jury found the testimony of the victim and witnesses tending to substantiate the victim's version of the incident the more plausible in this case.
Justification was not demonstrated in this case. According to State v. Hall, 606 So.2d 972 (La.App. 3 Cir.1992), writ denied, 93-0051 (La.11/11/94), 644 So.2d 385, the burden rests upon the defendant:
When a defendant in a homicide case claims self-defense, the state has the burden of establishing beyond a reasonable doubt that the defendant did not act in self-defense, State v. Garcia, 483 So.2d 953 (La.1986). In non-homicide cases, such as this, the defendant must carry the burden of proving self-defense by a preponderance of the evidence. State v. Barnes, 491 So.2d 42 (La.App. 5 Cir.1986); State v. Mason, 499 So.2d 551 (La.App. 2 Cir.1986). The issue of self-defense requires a dual inquiry: (1) an objective inquiry into whether the force used was reasonable under the circumstances; (2) a subjective inquiry into whether the force was apparently necessary, State v. Perkins, 527 So.2d 48 (La.App. 3 Cir.1988).
Id. at 973-974.
Even if some trouble had occurred prior to the firing of shots, defendant's decision to slow down and fire three shots from a car that admittedly could outrun the cargo van, tends to negate any claim of justification. The testimony of Mr. Stuart indicates defendant slowed down, gun in hand, to bring himself alongside of the victim, and discharged his weapon.
This testimony is crucial to any claim of self-defense posited by defendant; for defendant proactively sought the victim, instead of merely reacting by firing in answer to some threat of danger posed by the victim. Furthermore, the victim claims he never saw the coffee cup defendant contended was thrown through his window, and Mr. Stuart testified he never saw any projectile fly from the victim's van in the direction of defendant's vehicle. The victim also claims his passenger window, the one from which he allegedly threw the cup, was malfunctioning at the time of the incident and, presently, does not roll down at all.
*1299 Therefore, we find the defendant did not carry his burden of proving by a preponderance of the evidence that he acted in self-defense.
In sum, the defendant has not presented evidence sufficient to require the conclusion that the jury could not have rationally found defendant guilty beyond a reasonable doubt of each element of the crime. Accordingly, this assignment is without merit.

EXCESSIVENESS OF SENTENCE
Defendant failed to preserve the issue of excessiveness by failing to orally move for reconsideration of his sentence at the time of sentencing or filing a timely motion to reconsider his sentence. La.Code Crim.P. art. 881.1 makes clear that "specific grounds" must be set forth. A failure to do so precludes argument on that issue on appeal.
In the instant case, defendant's failure to comply with Article 881.1 precludes review of any grounds defendant may have asserted under Article 894.1, although a "bare bones" claim of constitutional excessiveness is preserved by the mere allegation that the sentence is excessive. State v. Tate, 95-1152 (La.App. 3 Cir. 3/6/96), 670 So.2d 671; State v. Mims, 619 So.2d 1059, 1060 (La.1993), appeal after remand, 626 So.2d 856 (La.App. 2 Cir.1993).
The record in the case sub judice does not indicate that any objection was made insofar as sentencing is concerned until this appeal; accordingly, Article 881.1 bars any review of defendant's sentence. State v. Smith, 95-1215 (La.App. 3 Cir. 4/3/96), 672 So.2d 211; State v. Myles, 616 So.2d 754 (La.App. 1 Cir.), writ denied, 629 So.2d 369 (La.1993).

CONCLUSION
For the foregoing reasons, we amend the sentence to reflect that the defendant is given credit for time served, and the case is remanded for the district court to amend the commitment and minute entry to reflect such credit. In all other respects, the conviction and sentence are affirmed.
AFFIRMED AS AMENDED AND REMANDED.
NOTES
[1] Neither defendant's nor the victim's prints were found on the mug. It was completely "clean."
[2] These elements derive from both La.R.S. 14:94(A) and 14:94(E) since subsection E necessarily requires "an understanding of the elements... [and] evaluation" of subsection A. See State v. Powell, 95-424 (La.App. 3 Cir. 11/2/95), 664 So.2d 608, 609-610 (wherein this reasoning is fully articulated by this court).