CHARLES R. JONES, Judge.
hThe Appellant, Wade Matthews, appeals his conviction for the illegal use of a firearm and sentence of two years active probation. We affirm the conviction and sentence of Matthews, finding the district court did not err.
In February of 2010, Wade Matthews was charged with a violation of LSA-R.S. 14:94(F), the illegal discharge of a firearm during the commission of a violent crime. Matthews entered a plea of not guilty. The defense filed pre-trial motions to suppress evidence, suppress statement, suppress identification, and for a preliminary hearing. The district court denied the motions and found probable cause for the illegal use of a firearm under 14:94(A), the lesser included offense of 14:94. Following a one day trial, the district court found Matthews guilty of the illegal discharge of a firearm, and sentenced Matthews to two years imprisonment, which was suspended. Matthews was placed on two years active probation and ordered to attend anger management classes. | ¡¡He filed post-conviction motions for post-verdict judgment of acquittal, for a new trial, in arrest of judgment, to correct illegal sentence, to reconsider sentence, and for an appeal. The district court denied all defense motions except for his motion for an appeal.
Mr. Hicks Sellers testified at trial, that in December of 2009, he returned home one evening and heard loud music as he entered the neighborhood. Mr. Sellers testified that when he reached his residence, his wife informed him that their neighbor, Matthews, had been playing music loudly the entire day.
Mr. Sellers testified that later that evening another neighbor, Ms. Buceola [1] called him to inform him that his dog, Roxie, was loose and currently in front of *118 her yard. Ms. Buceóla resided in a home on a thirty foot wide lot located between the home of Mr. Sellers and the double where Matthews lived. All three homes were built along their respective property lines. Mr. Sellers testified that he then stepped outside of his home and called out for his dog, and that Roxie came from underneath his van, which was parked in his driveway. Mr. Sellers testified that while he was outside he and Matthews began a brief verbal altercation. According to the testimony of Mr. Sellers, Matthews told Mr. Sellers that he did not like Mr. Sellers and that Matthews threatened him by Rsaying, “I’m going to show you.” Mr. Sellers testified that after the altercation he heard the cock of a gun followed by a shot while he was standing on a landing at the rear of his residence, but that he could not see where Matthews pointed his gun when he fired. At this point, Mr. Sellers testified that he went back inside of his home, retrieved a weapon and dialed 911. Mr. Sellers testified that he remained in the home until the police arrived, and that on the day following the incident he found a shell casing in the middle of the driveway of Ms. Buceóla. Mr. Sellers testified that he then informed the police, and a different set of officers later came to the property to retrieve the shell casing.
Mr. Sellers also testified that he and Matthews had several uncomfortable encounters prior to the shooting incident. He testified that after a verbal altercation, Matthews used a blower to spray a white powdery substance onto the pool of Mr. Sellers. Mr. Sellers also testified that on another occasion his daughter observed Matthews place a video camera facing their property while she was in their backyard playing.
Officers Anthony Polidore and Brian Frank were both called to the scene the day of the incident. Both officers testified that when they arrived at the scene, they first spoke with Mr. Sellers and then went to Matthews’ residence to speak with him. They further testified that Mr. |4SeIlers told them that his dog was standing next to him when Matthews fired his gun. Officer Frank testified that Mr. Sellers also told the officers that Matthews shot at Mr. Sellers and his dog. However, Mr. Sellers later testified that he could not determine where Matthews pointed his gun. Officer Polidore, who authored the police report[2], testified that he added a hand written note in the report indicating that the incident happened “in the rear of the driveway at 8509 Belfast Street.” However, Officer Polidore testified that his assertion that the incident occurred in the rear of the driveway was solely based on the statements of Mr. Sellers. According to the testimony of Officer Polidore, Matthews told the reporting officers that he fired his weapon in the air in order to prevent Roxie from entering his yard.
Officer Polidore testified that he and Officer Frank then placed Matthews under arrest and asked Matthews where the gun he fired was located. Officer Polidore testified that Matthews allowed the officers to retrieve the weapon after the officers asked for Matthews to consent to a search of his residence for the weapon. Office Polidore then testified that Officer Frank and Matthews relocated to the bedroom of the residence where Officer Frank located a 9mm Ruger semiautomatic handgun. Officer Polidore testified that the officers then located a live [ ¿round in the front portion of the driveway of Matthews, which was illuminated at the time by a porch light. Officer Frank testified that the shell casing found by Mr. Sellers was *119 of the same brand as those found in Matthew’s gun and the live round found in the front of Matthews’ driveway.
In his sole assignment of error, Matthews argues that the State failed to establish that the gun was fired where it was foreseeable that death or great bodily harm could result from the firing. Specifically, Matthews argues that no evidence was presented to show that it was foreseeable that a human being would be seriously injured or killed when he fired his weapon.
In determining whether evidence is sufficient to support a ruling, the appellate court must decide “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). However, the reviewing court must review the entire record, not just evidence which supports the prosecution’s case, because “a rational trier of fact would consider all of the evidence.” State v. Mussall, 523 So.2d 1305, 1309 (La.1988). If rational triers of fact could disagree as to the interpretation of the evidence, the reviewing | ecourt must view the evidence in a light that favors the prosecution. Id., 523 So.2d at 1311. Therefore, a reviewing court’s discretion will only be used to correct irrational judgments that violate the defendant’s due process protection.
Additionally, the reviewing court will not make decisions about the creditability of a witness; this is a role for the trier of fact. State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983).
Furthermore, in State v. Madison, the Louisiana Supreme Court ruled that the trier of fact has the discretion to convict a defendant of a lesser included offense. 319 So.2d 912, 915 (La.1975).
LA.C.Cr.P. Art. 8Í5 provides that, in cases which are not found in LA.C.Cr.P. Art. 814, a defendant may be found guilty of a lesser and included grade of the offense. Matthews was charged with LSA-R.S. 14:94(F), and found guilty of LSA-R.S. 14:94(A), the lesser included offense of LSA-R.S. 14:94(F). LSA-R.S. 14:94 is not included in LA.C.Cr.P. Art. 814, so LA.C.Cr.P. Art. 815 applies.[3]
Matthews was convicted of LSA-R.S. 14:94(A), the illegal discharge of a weapon, which is defined as: (1) the intentional or 17criminally negligent discharge of a firearm, where (2) it is foreseeable that the discharge may result in death or great bodily harm to a human being.
In State v. Mickel, the Fifth Circuit affirmed the conviction of a defendant who fired his automatic weapon in a residential neighborhood where children were playing outside. 581 So.2d 404 (La.App. 5 Cir. 1991). The court determined that it was unimportant that the witness was unable to see in which direction the defendant aimed. Id., 581 So.2d at 405. Because the defendant fired his weapon in a residential neighborhood the court found that there was enough evidence to show that it was foreseeable that a human being may be seriously injured or killed. Id.
In State v. Ordner, the Third Circuit upheld the conviction of a defendant who discharged his weapon in the air at a late night outdoor party. 2006-1054, p. 15 (La. App. 3 Cir. 2/14/07), 951 So.2d 508, 518. The court determined that because be *120 tween twenty-five and fifty people were attending the party when the defendant fired his weapon in the air it was foreseeable that the defendant’s discharge may cause serious injury or death to a human being. Id., 2006-1054, p. 8, 951 So.2d at 514.
Finally, in State v. Dumaine, this court affirmed the district court’s conviction of a defendant who fired his weapon across a highway at a vacant lot. 534 So.2d 32 (La.App. 4 Cir.1988). The court determined |sthat because the defendant fired the weapon in a well-populated urban area when several neighbors, including children, were outside, it was foreseeable that someone may be injured by the defendant’s discharge. Id., 534 So.2d at 34.
In the instant case, Mr. Sellers testified that he was outside of his home, about thirty feet away from Matthews’ residence, when he heard Matthews fire his gun. Mr. Sellers and Matthews live in the Carrollton neighborhood of New Orleans, a densely populated urban area. Although Mr. Sellers testified that he could not see in which direction Matthews fired his weapon, both Officer Frank and Polidore testified that Matthews told the officers that he fired the weapon in the air. Matthews argues it was not foreseeable that serious injury or death would occur because no one was milling about in the neighborhood, and he did not fire in the direction of a person or residence. However, the prosecution did offer evidence that showed that Mr. Sellers was outside when Matthews admittedly fired his weapon. Furthermore, the Third Circuit in State v. Ordner determined that it is foreseeable that serious injury or death may occur even if the defendant did not fire his weapon in the direction of a person or persons. 2006-1054, p. 8, 951 So.2d at 514. Also, the Fifth Circuit determined that the victim having seen in which direction the defendant fired was unimportant. State v. Michel, 581 So.2d at 405. Lastly, Matthews fired his weapon at night; the lack of sunlight makes it more difficult for potential victims or persons in the area to avoid falling bullets. Thus, it is a matter of common knowledge that bullets tend to fall back to earth when fired in the air, and a reasonable person could have foreseen that firing a weapon in a densely populated area may cause serious harm or death. Mr. Sellers had testified that Ms. Buceóla was at home when the shooting occurred, as were his wife and daughter. The firing of the weapon presented a danger to anyone of these individuals who could have been struck by the failing bullet.
The defendant’s reliance on State v. Cain is erroneous. In State v. Cain, the Third Circuit reversed the conviction of a defendant who fired a warning shot at an approaching police car on his residence which was located on a large tract of land in a rural area of the state. 2009-390, pp. 1-2 (La.App. 3 Cir 11/4/09), 21 So.3d 1104, 1105-06. The court determined that because (1) defendant fired the weapon in a rural area where only he and the officer were nearby; (2) the defendant only fired one shot in the air and; (3) the defendant cooperated with the officer once the officer identified himself it was not foreseeable that death or serious injury to a person could occur from the defendant’s firing. Id., 2009-390, p. 8, 21 So.3d at 1109.
| ipHere, Matthews’s residence was located on a thirty foot lot which abutted the property line. According to Mr. Sellers’s testimony, Matthews was only thirty feet away from Sellers when he fired weapon and much closer to his next door neighbor, Ms. Buceola. Thus, the facts in the present case are distinguishable from State v. Cain.
The defendant’s reliance on State v. Powell is also erroneous. 95A24, p. 1, 664 So.2d at 610. In State v. Powell, the Third Circuit reversed the conviction of a defen *121 dant who fired his weapon from a moving vehicle while traveling along a highway. State v. Powell, 95-424, p. 1 (La.App. 3 Cir. 11/2/95), 664 So.2d 608, 611. The highway was bounded on one side by residential homes and on the other side by a set of railroad tracks. Id., 95-424, p. 1, 664 So.2d at 610. The defendant fired his weapon in the direction of the railroad tracks. Id., 95-424, p. 5, 664 So.2d at 610. The court determined that because the defendant fired in the opposite direction of the victim it was not foreseeable that death or serious injury could occur from the defendant’s actions. Id., 95-424, p. 5, 664 So.2d at 611. Here, both Officer Frank and Polidore testified that Matthews stated that he fired his weapon in the air, and not into an unpopulated or heavily wooded area.
This court has found that it is foreseeable that serious injury or death to a person will result from the defendant’s firing of a firearm if |nthe defendant fires the weapon in an urban area while people are outside, even if the defendant did not fire in the direction of a person or persons. Here, Matthews fired his weapon outside of his Carrollton neighborhood while Mr. Sellers was outside of his home only thirty feet away. Thus, it was foreseeable that serious injury or death could occur due to when Matthews admittedly fired his weapon. This assignment of error is without merit.
There are no errors patent in the record.

DECREE

For the forgoing reasons, the conviction and sentence of Wade Matthews is affirmed.
AFFIRMED

. Ms. Buccola’s first name does not appear in the record.

. The police report was not included in the record.

. LA.C.Cr.P. Art. 815:
In all cases not provided for in Article 814, the following verdicts are responsive: (1) Guilty; (2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or (3) Not Guilty.