# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30016
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYFIELD C. WELLS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CR-28-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rayfield C. Wells was sentenced to 84 months in prison for possessing a firearm after having been convicted of a felony.  Wells argues the district court erred in applying the four-level offense enhancement under U.S.S.G. § 2K2.1(B)(6)(b) for possessing the firearm in connection with another felony offense.  The other felony is the Louisiana crime for the "intentional or criminally negligent discharge[e] of any firearm . . . where it is foreseeable that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it may result in death or great bodily harm to a human being." LA. R.S. 14:94(A). Wells asserts that the evidence is insufficient to show (1) that he discharged the firearm, and (2) if he did, that it was foreseeable that the gunshot might result in death or great bodily harm.

We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The Government must prove by a preponderance of the evidence the facts forming the basis of a sentencing enhancement. *United States v. Serfass*, 684 F.3d 548, 553 (5th Cir. 2012).

Law enforcement received reports of shots fired at an apartment complex in Baton Rouge. Deputies responded and heard additional gunshots. They found Wells and his brother in the parking lot of the apartment complex. Wells's brother had a loaded revolver in his waistband. Deputies found a handgun in a bush close to where Wells fled when the deputies first confronted him. Wells's DNA was later found on the handgun. The gun, which had an obliterated serial number, had an empty magazine and its slide was locked to the rear, indicating the entire magazine had been fired. Shell casings found near the apartment building were of the same caliber and brand as loose ammunition discovered in the truck the Wells brothers had been approaching before fleeing when the deputies arrived.

This is more than enough evidence to support the district court's finding that Wells fired the gun found in the bush. And discharging a firearm at an apartment complex carries a sufficient risk of harm to be a crime under Louisiana Revised Statute § 14:94(A). Even when a gun is not aimed at a person, it is foreseeable that firing shots in a residential area might cause death or serious bodily injury. *See, e.g., State v. Delaneuville*, 283 So. 3d 1065, 1067–68 (La. Ct. App. 5th. Cir. 2019); *State v. Matthews*, 70 So. 3d 116, 120

No. 19-30016

(La. Ct. App. 4th Cir. 2011); *State v. Mickel*, 581 So. 2d 404, 405 (La. Ct. App. 5th Cir. 1991).  The cases Wells relies on involved shots fired in unpopulated areas.  *See State v. Chenevart*, 49 So. 2d 1059, 1061–65 (La. Ct. App. 3d Cir. 2010); *State v. Cain*, 21 So. 3d 1104, 1105 – 07 (La Ct. App. 3d Cir. 2009).  In any event, there was also sufficient evidence to support the conclusion that Wells was shooting at someone.  He told the deputies, "Man, they were breaking into my brother's s***" and "I should have killed that mother******."

AFFIRMED.