| STATE OF LOUISIANA | * | NO. 2024-KA-0664 |
| --- | --- | --- |
| VERSUS | * | COURT OF APPEAL |
| JOHN DUNCAN | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**JCL**

**LOBRANO, J., CONCURS IN PART, AND DISSENTS, IN PART, AND ASSIGNS REASONS**

I concur in the affirmance of Defendant's convictions for second-degree murder and possession of a firearm by a convicted felon. The evidence, when viewed in the light most favorable to the State, supports both verdicts. I respectfully dissent from the vacatur of the obstruction of justice conviction. The majority's analysis relies on *State v. Scott*, 23-0022 (La. App. 4 Cir. 8/30/23), 372 So.3d 42, *State v. White*, 24-0385 (La. App. 4 Cir. 5/14/25), --- So.3d ----, 2025 WL 1415587, and *State v. Bowie*, 24-0700 (La. App. 4 Cir. 7/1/25), --- So.3d ----, 2025 WL 1806684, which require direct evidence of the defendant's subjective intent to obstruct justice. Nothing in La. R.S. 14:130.1 imposes such a requirement, and this Court's controlling precedent does not either.

In *State v. Powell*, 15-0218 (La. App. 4 Cir. 10/28/15), 179 So.3d 721, this Court explained that La. R.S. 14:130.1 does not require destruction or elaborate concealment of evidence. *Powell* held that intentional removal of the most probative evidence, viewed alongside the surrounding circumstances, may permit the jury to infer the specific intent to hinder an investigation. 15-0218, p. 11, 179 So.3d at 728. *Powell* emphasized that "nothing beyond movement of the evidence

1

is required" when the defendant's conduct supports a reasonable inference of obstructive purpose. *Id.*

Our more recent decisions in *State v. Bethley*, 22-0849 (La. App. 4 Cir. 6/21/23), 368 So.3d 1148, and *State v. Richardson*, 23-0584 (La. App. 4 Cir. 4/25/24), 390 So.3d 851, reaffirm this principle. In both cases, the defendant's removal of the firearm from the scene, coupled with its disappearance, provided sufficient circumstantial evidence of intent to obstruct. As *Richardson* summarized, the jury may reasonably infer obstruction "where the defendant left the scene with the firearm that he knew would be the subject of a criminal investigation." 23-0584, p. 16, 390 So.3d at 861.

The same reasoning applies here. If Defendant lacked the intent to distort the investigation, he could have acted as such by remaining on the scene, rendering aid, notifying law enforcement, or at minimum leaving the firearm in place. Instead, he did the opposite. He removed the weapon and fled. Defendant's removal of the firearm from the scene, coupled with its disappearance, provided sufficient circumstantial evidence of intent to obstruct. Nothing in the record suggests that his conduct reflected innocence. To the contrary, it is the precise conduct *Powell* found sufficient to support an inference of obstruction.

The majority relies on *Scott*, *White*, and *Bowie*. Those cases departed from *Powell* by requiring direct evidence of the defendant's subjective intent. That requirement does not appear in La. R.S. 14:130.1, and *Powell* expressly rejected such a limitation. *Powell* held that intentional removal alone, in the context of a shooting, can itself establish specific intent. 15-0218, p. 11, 179 So.3d at 728. The later cases cited by the majority improperly narrowed that rule without overruling it.

Because *Powell*, *Bethley*, and *Richardson* remain binding and directly support the jury's verdict, I would affirm the obstruction of justice conviction. I therefore respectfully dissent.