NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1052

STATE OF LOUISIANA

VERSUS

IVAN MONCEAUX, III

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 21394-15
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Van H. Kyzar, and Candyce G. Perret, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**District Attorney**
**Elizabeth Brooks Hollins**
**Assistant District Attorney**
**Adam L. Ortego, Jr.**
**Assistant District Attorney**
**Fourteenth Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Ivan Monceaux, III**

**PERRET, Judge.**

Defendant, Ivan Monceaux, III, was convicted of aggravated rape for his sexual involvement with a seven-year-old boy. At the time, Defendant was nineteen years old. Defendant was sentenced to a life sentence without the benefit of probation, parole, or suspension of sentence, with credit for time served, which is the statutorily mandated sentence for aggravated rape. On appeal, Defendant alleges two assignments of error—that the trial court erred in sentencing Defendant to the statutorily mandated sentence, and that Defendant received ineffective assistance of counsel because his attorney failed to file a motion to reconsider his sentence. For the following reasons, we affirm Defendant's sentence and find no merit to Defendant's ineffective assistance of counsel allegation.

## FACTS AND PROCEDURAL HISTORY

On August 27, 2015, Defendant was charged by bill of indictment with the aggravated rape of A.S., who was age seven at the time of the offense, in violation of La.R.S. 14.42.[1] Following a competency commission, Defendant was found competent to stand trial on February 10, 2016. On May 26, 2016, Defendant moved to waive his jury trial, which motion was granted.

---

[1] Effective August 1, 2015, aggravated rape was renamed "first degree rape." *See* 2015 La. Acts No. 184, § 1 and 2015 La. Acts No. 256, § 1. The definition of the crime and the penalty for said crime were not changed. Louisiana Revised Statutes 14:42, prior to August 2015, stated:

> A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
> . . . .
> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.
> . . . .
> D. (1) Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

On April 11, 2017, Defendant's bench trial commenced. The testimonies of the witnesses were that A.S. went over to Defendant's home to play a video game called Minecraft. While there, Defendant "put his tee-tee bird[2] into [A.S.'s] butt." A.S. also took the stand and testified to this fact himself. A.S.'s grandmother, Mrs. Catherine Hurst, testified that when A.S. got home from playing at Defendant's house, A.S. had soiled his pants and when asked what happened, A.S. said Defendant had put his penis in A.S.'s anus and in his mouth. She stated A.S. told her "[Defendant] promised to get [A.S.] a horse on the game Minecraft that they were playing if [A.S.] would let [Defendant] do that."

Mrs. Hurst then called the Sheriff's Department and made a report to the Deputy that responded to the call. Mrs. Hurst took A.S. to the hospital where he was examined by a SANE (sexual assault nurse examiner) nurse, Jade Marler. At trial, Ms. Marler was accepted by the trial court as an expert in the field of SANE Examination. She testified that A.S. told her Defendant put his penis inside A.S.'s anus twice, once on the couch and once in the bedroom, and that it hurt really bad. Ms. Marler testified that her examination of A.S. supported his statement that a penis or large object penetrated his anus. Ms. Marler's report indicates there was a tear, tenderness, and redness around the victim's anus during her exam, which was conducted the same day the incident allegedly happened. Later, A.S. was also interviewed by David Duplechain, a forensic interviewer. While Mr. Duplechain interviewed A.S., A.S. circled the penis on an anatomical drawing to show the part of Defendant that touched him and circled the anus to indicate what part of A.S. Defendant had touched.

---

[2]A.S. consistently refers to Defendant's "tee-tee bird," which he identified as the male penis on an anatomical drawing.

2

Defendant was found guilty as charged of the aggravated rape of A.S. On April 24, 2017, the trial court sentenced Defendant to the statutorily mandated life sentence without benefit of probation, parole, or suspension of sentence. No objection was registered regarding Defendant's sentence, other than a claim that he did not commit the crime. No motion to reconsider his sentence was filed.

Defendant now timely appeals, raising two assignments of error: (1) that his mandatory life sentence without benefit of probation, parole, or suspension of sentence is unconstitutionally excessive, and (2) that he was denied effective assistance of counsel because his attorney did not file a motion to reconsider his sentence, relegating him to a bare excessiveness claim. For the following reasons, this Court affirms Defendant's conviction and sentence, and finds no merit to his ineffective assistance of counsel assignment of error.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are routinely reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent that require correction.

## DISCUSSION

Defendant raises two assignments of error on appeal: (1) that his sentence is constitutionally excessive because a downward departure from the mandatory sentence was warranted under the facts, and (2) that his trial counsel provided ineffective assistance because he failed to file a motion to reconsider which limits him to a bare excessiveness claim on appeal. This court has previously considered similar claims of ineffective assistance of counsel for failure to file a motion to reconsider:

> For his final assignment of error, Defendant
> alleges that his life sentence, although statutorily
> mandated, is excessive under the circumstances of this

3

case. Defendant argues in the alternative that there was no strategic reason for defense counsel to have ignored the requirements of La.Code Crim.P. art. 881.1; he, therefore, received ineffective assistance of counsel.

As noted, Defendant did not make or file a motion to reconsider his sentence. Pursuant to Article 881.1, Defendant had thirty days from the date of sentencing to make or file a motion to reconsider. Absent a timely motion, this court is precluded from a review of the sentence on appeal. *State v. Joubert*, 97–1093 (La.App. 3 Cir. 2/4/98); 705 So.2d 1295, *writ denied*, 98–1525 (La.10/30/98); 723 So.2d 973.

However, inasmuch as Defendant raises allegations of ineffective assistance of counsel for failure to make or file a motion to reconsider his sentence, and the record before us enables us to do so, we will address this issue.

*State v. Reed*, 00-1537, p. 21 (La.App. 3 Cir. 3/6/02), 809 So.2d 1261, 1274, *writ denied*, 02-1313 (La. 4/25/03), 842 So.2d 391.

In order to prevail on his ineffective assistance claims, Defendant must satisfy a two-part test. First, Defendant must show his counsel's performance was deficient; second, he must show the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Additionally, this Court in *Reed*, 809 So.2d at 1275 (emphasis added), affirmed "that there could be a basis for an ineffective assistance claim if a defendant can show a reasonable probability that, had counsel filed or made a motion to reconsider the sentence, *the sentence would have been different*." As failure to prove prejudice renders the question of deficient performance moot, we will review Defendant's two assignments of error simultaneously. If Defendant cannot prove a downward departure from the mandatory life sentence for aggravated rape was warranted, he cannot prove prejudice under *Strickland*, 466 U.S. 668.

A trial court must impose sentences set by the legislature unless the sentences are unconstitutional. *State v. Dorthey*, 623 So.2d 1276 (La.1993).

4

Aggravated rape has only one possible constitutional sentence under La.R.S. 14:42: mandatory life imprisonment without the benefit of probation, parole, or suspension of sentence.[3]

> The decision to assess mandatory life sentences is within the prerogative of the legislature. *State v. Parker*, 416 So.2d 545 (La.1982); *State v. Allen*, 41,548 (La.App.2d Cir.11/15/06), 942 So.2d 1244, *writ denied*, 2007–0530 (La.12/7/07), 969 So.2d 619.
>
> When there is a constitutional mandatory sentence, a trial court need not justify, under La. C. Cr. P. art. 894.1, a sentence it is legally required to impose. *State v. Baker*, 49,841 (La.App.2d Cir.5/20/15), 166 So.3d 1152, *writ denied*, 2015–1219 (La.3/4/16), 185 So.3d 745.
>
> In rare circumstances, a downward departure from a mandatory sentence may be warranted if the defendant shows, by clear and convincing evidence, that he is exceptional, namely, that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. *State v. Johnson*, 1997–1906 (La.3/4/98), 709 So.2d 672; *State v. Dixon*, 42,594 (La.App.2d Cir.1/16/08), 974 So.2d 793, *writ denied*, 2008–0711 (La.10/10/08), 993 So.2d 1282, *cert. denied*, 556 U.S. 1186, 129 S.Ct. 1989, 173 L.Ed.2d 1092 (2009). Although courts have the power to declare a mandatory minimum sentence excessive under Article 1, § 20 of the Louisiana Constitution, this power **should be exercised only in rare cases** and only when the court is **firmly convinced** that the minimum sentence is excessive. *State v. Ponsell*, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678, *writ denied*, 2000–2726 (La.10/12/01), 799 So.2d 490; *State v. Baker, supra*.

*State v. Little*, 50,776, pp. 4-5 (La.App. 2 Cir. 8/10/16), 200 So.3d 400, 403, *writ denied*, 16-1664 (La. 6/16/17), 219 So.3d 341 (emphasis added).

Defendant argues that a downward departure is warranted in his case because he is a "nineteen year old offender with limited education and intellectual

---

[3]This Court recognizes that La.R.S. 14:42(D)(2) lays out a procedure for seeking the death penalty for aggravated rape when the victim is under the age of thirteen. This provision of law, however, was declared unconstitutional in *Kennedy v. Louisiana*, 554 U.S. 407, 128 S.Ct. 2641 (2008).

functioning." Defendant essentially argues that his limited mental capabilities renders him the equivalent of a juvenile offender, therefore, he should not receive a mandatory life sentence without benefits under *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455 (2012). However, Defendant points to no jurisprudence indicating *Miller* is applicable to anyone other than juveniles. Furthermore, Defendant's arguments are essentially the same as the argument presented in *Little*, where a twenty-two-year-old defendant pled guilty to the second-degree murder of a convenience store clerk during a robbery and sought a downward departure from the mandatory life sentence without benefits he received under La.R.S. 14:30.1. In *Little*, the defendant argued that he was only twenty-two years old, a first felony offender, and mentally retarded as his IQ "fell between 42 and 55 and allegedly equated to a mental age of nine years old." *Little*, 200 So.3d at 402. The second circuit disagreed and stated:

> At the outset, we note that the evolution in juvenile sentencing is based upon factors unique to juveniles. In *Miller*, *supra*, the Court relied heavily upon *Roper* [*v. Simmons*], [543 U.S. 551, 125 S.Ct. 1183 (2005)], and *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), both of which referenced the fact that juveniles are more capable of change than adults, that their actions are less likely to be evidence of "irretrievably depraved character" than are the actions of adults, and that there is a greater possibility of reform over time as the juvenile matures into adulthood. Those factors are not necessarily applicable to a defendant with an intellectual disability such as the defendant. Furthermore, none of the experts involved in the instant case indicated that this defendant's condition was likely to change for the better as time progressed.

> In order to warrant a downward departure from the mandatory life sentence for second degree murder, the defendant must clearly and convincingly show that he is "exceptional" by proving that the imposed sentence is not meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. We have carefully reviewed all of the evidence in this record pertaining to the defendant's mental capabilities and his

6

actions relative to the offense, and we find that the defendant has failed to carry his burden of proof.

*Little*, 200 So.3d at 404 (footnote omitted).

Like in *Little*, Defendant is arguing youth and diminished mental capacity should entitle him to be treated like a juvenile for sentencing purposes. Defendant argues he has a limited education, functions at a tenth-grade education level, and received special education services in school. The records from Dr. Patrick Hayes clarify that the special education services Defendant received were for a learning disability and speech and language therapy. Dr. Hayes also opined that Defendant operates at a low-normal to normal intellect. Furthermore, Dr. Hayes reported, "[Defendant] is assessed to have displayed conceptual, social, and practical adaptive skills above the threshold for IDD [intellectual developmental disability]" and that "there was nothing detected in the present single assessment to cross any [IDD] diagnostic threshold." Additionally, like the defendant in *Little*, Defendant was examined by a commission prior to trial which found him competent to proceed to trial. The second circuit in *Little* noted that, despite the defendant's diminished mental capacities, "[h]is actions before, during, and after the murder demonstrated a significant degree of deliberate thought and planning." *Little*, 200 So.3d. at 406. In a similar vein, the testimony in this case indicates Defendant used the promise of helping the seven-year-old victim, A.S., in a video game as leverage to convince the victim to allow Defendant to anally penetrate him. Defendant's actions demonstrate deliberate thought. Additionally, Defendant did not put forth evidence that his condition was likely to change for the better as time progressed. *See Little*, 200 So.3d 400.

In light of *Little*, 200 So.3d 400, and the particular facts of this case, Defendant has failed to carry his burden of proving that he "is a victim of the

legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *State v. Johnson*, 97-1906, p. 8 (La. 3/4/98), 709 So.2d 672, 676 (quoting *State v. Young*, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 531, (Plotkin, J., concurring), *writ denied*, 95-3010 (La. 3/22/96), 669 So.2d 1223) Defendant did not prove he deserves a downward departure from the mandatory sentence he received and, therefore, he fails to prove he suffered prejudice from trial counsel's failure to file a motion to reconsider sentence. Thus, Defendant's claim of ineffective assistance of counsel likewise fails. Accordingly, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.